PREWETT, use of Johnson, *versus* MARSH.

A justice of the peace, who receives money in his official capacity, cannot lawfully retain it, in satisfaction of a debt due him individually.
The nominal plaintiff in a suit, (brought in the name of such plaintiff for the use of another,) can not be rejected as a witness for the defendant where it appears that he was evidently consenting to be made a witness.

This action was instituted in the name of Prewett, for the use of Johnson, in the County Court of Clarke; and was founded on a claim for money received by the defendant in his official capacity, as a magistrate. A judgment being rendered for the defendant below, the case, on a bill of exceptions, was brought here : and the questions of error arose on the opinion of the Court below. That Court decided,

1st. That Prewett, though the nominal plaintiff, could not be a witness in favor of the defendant, and

2d. That the defendant could not show a retention of the money collected by him, in discharge of his own private debt.

3

CRENSHAW, J.—This action was brought against the defendant, to recover money which he had collected in the capacity of a justice of the peace.

On the trial, " after the plaintiff had proved his case, the defendant offered to prove certain facts by Prewett, the nominal plaintiff; but who was rejected by the Court, on the ground, that as he was a party to the record, he could in no event be examined as a witness.

The defendant having offered testimony to prove that the money collected by him, was due to a certain Rosser, and that Rosser was indebted to him; requested the Court to instruct the jury, that the debt due from Rosser to the defendant, was a good offset to the plaintiff's action, which the Court declined; but instructed the jury, that an officer could not detain money by him received in his official capacity, to satisfy a debt due him in his private capacity. All of which is now assigned for error.

We are of opinion that the charge was correct, and that the instruction requested, was properly refused. We believe with the Judge of the County Court, that a Justice of the Peace who receives money in his official capacity, can not lawfully detain it in satisfaction of a debt due him in his private capacity ; and that it can not be the subject of payment or offset, though the person who was indebted to the Justice was to receive the money by him so collected.

But on the first assignment of error, which was the rejecting of Prewett, the nominal plaintiff, when offered as a witness by the defendant, we are of opinion, that Prewett, being a party to the record, and interested in the event of the suit, at least so far as related to the cost, the defendant could not claim the

benefit of his testimony as a matter of right. But if Prewett was willing to testify on the part of the defendant, this was against his own interest, and the defendant would be entitled to the benefit of his evidence. In the bill of exceptions, it is not expressly stated that Prewett was willing to be sworn and examined as a witness, but it is stated "that Prewett coming to the book, and being ready to be sworn to give testimony," was rejected by the Court; and from which, the inference is plain, that he was willing to be sworn, and to give evidence. It was his privilege to claim the exemption, when called as a witness by the defendant : unless he objected, and insisted on his right, his willingness to testify, was a clear implication. For this error, the judgment is reversed, and the cause remanded.